IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARIE W. SMITH**                                                           **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 3:14-CV-559-HTW-LRA**

                                                                             **DEFENDANTS**

**CAROLYN W. COLVIN, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Marie Smith. Plaintiff has filed a Complaint in this Court seeking a reversal or remand of the Commissioner's denial of benefits, and requests that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915. After examining the application and affidavit submitted, the Court finds that Plaintiff is not indigent under the law and should be denied *in forma pauperis* status for this lawsuit.

Plaintiff's spouse has a monthly income of $5,000. They own a home and two motor vehicles, valuing a total of $56,000. They have mortgage or rental payments in the amount of $700.00, and two minor children. Their monthly expenses total $4, 310, leaving a monthly excess of $700.00  They also have $40.00 in cash on hand and have $150.00 in their bank account.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See*

*Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988).  This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that the household receives a regular monthly income through her spouse's employment, and they have approximately $700.00 after payment of expenses and donations, the Court finds that Plaintiff could pay filing costs without undue financial hardship if given sixty days to pay the filing fees.  Plainitiff will not be rendered destitute by paying the filing fees, as the family does own a home and motor vehicles.  They will not be barred from the federal courts due to their lack of financial resources.

Thus, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied and that she be given sixty days to pay the filing fees in this cause.  All of the costs associated with the filing of this lawsuit should be paid on or before **September 29, 2014**, or this case should be dismissed without prejudice without further notice.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings

and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy of this Report and Recommendation. The failure to file timely objections shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiffs shall pay the full filing fees in this case on or before **September 29, 2014,** unless they appeal this recommendation to the district judge. **If they fail to pay the fees by this date, the Complaint should be dismissed without prejudice.**

This the 28th day of July, 2014.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE